1

2

3

4

5

6

7

8                              **IN THE UNITED STATES DISTRICT COURT**

9                          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ROBERT HENRY FISHER,                        No. 2:15-CV-2447-TLN-CMK-P

12                      Petitioner,

13           vs.                                   <u>FINDINGS AND RECOMMENDATIONS</u>

14    PEOPLE OF PLACER COUNTY,

15                      Respondent.

16    _____/

17           Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  On January 12, 2016, the court dismissed

19    petitioner's petition and directed petitioner to file an amended petition within 30 days naming the

20    proper respondents.  Petitioner was warned that failure to comply may result in dismissal of this

21    action.  <u>See</u> Local Rule 110.  To date, petitioner has not complied.  Specifically, petitioner has

22    filed an amended petition which continues to name individuals over whom this court does not

23    have jurisdiction in a proceeding under § 2254 (<u>see</u> Doc. 7).

24    / / /

25    / / /

26    / / /

                                                    1

1    The court must weigh five factors before imposing the harsh sanction of

2  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

3  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

4  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

5  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

6  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

7  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

8  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

9  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

10  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

11  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

12  comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

13  1260-61 (9th Cir. 1992).

14    Having considered these factors, and in light of petitioner's failure to file an

15  amended petition naming proper respondents, as directed, the court finds that dismissal of this

16  action is appropriate.  In so finding, the court notes that it does not appear that petitioner will be

17  able to file a petition naming the proper respondent, i.e., the prison warden, because petitioner is

18  no longer in custody.  For this additional reason, the court lacks jurisdiction.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1          Based on the foregoing, the undersigned recommends that this action be

2   dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and

3   orders, and for lack of jurisdiction.

4          These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6   after being served with these findings and recommendations, any party may file written

7   objections with the court.  Responses to objections shall be filed within 14 days after service of

8   objections.  Failure to file objections within the specified time may waive the right to appeal.

9   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11   DATED:  October 12, 2016

12

13                                        CRAIG M. KELLISON
                                          UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26